The COLORADO SPRINGS TEACHERS ASSOCIATION, James F. Diers, Rene L. Mundorff, Hugh Parkhill, and Terry E. Sapp, Plaintiffs-Appellants,

v.

SCHOOL DISTRICT NO. 11 in the County of El Paso, Defendant-Appellee.

No. 80CA0108.

Colorado Court of Appeals, Div. I.

Oct. 9, 1980.

Rehearing Denied Nov. 20, 1980.

Larry F. Hobbs, Denver, for plaintiffs-appellants.

Horn, Anderson & Johnson, R. E. Anderson, Colorado Springs, for defendant-appellee.

KIRSHBAUM, Judge.

Plaintiffs, Colorado Springs Teachers Association and individual members thereof, appeal the trial court's summary judgment entered in their action for a declaratory judgment with respect to a provision of a collective bargaining agreement between plaintiffs and defendant, El Paso County School District No. 11. We affirm.

The parties agree that effective January 1, 1978, the master agreement between the association and the district contained the following provision:

"A maximum of ten (10) school days per school year shall be granted without any loss of pay to teachers who participate in military service duties of short duration. Such leave shall not be cumulative. The teachers on such military leave shall turn over to the Board of Education payment received for such services and no deduction shall be made from the teacher's salary because of being on military leave up to ten (10) days maximum."

They also agree that § 28–3–601, C.R.S. 1973, is applicable to this agreement. The statute contains the following pertinent language:

"[A]ny officer or employee of the state . . . who is a member of the national guard or any other component of the military forces . . . is entitled to leave of absence from his public office or employment without loss of pay, seniority, status, efficiency rating, vacation, sick leave, or other benefits for all the time when he is engaged with such organization or component in training or active service ordered or authorized by proper authority pursuant to law, whether for state or federal purposes, but not exceeding fifteen days in any calendar year . . . ."

The sole issue on appeal is whether the repayment provision of the contract violates this statute.[1] We hold it does not.

The contractual provision requiring teachers on military leave to turn over to the school board payments received for reserve service does not, on its face, conflict with any statutory prohibition. In the absence of such direct conflict, the parties were free to bargain over contract provisions, and such provisions should be upheld by the courts. *See Mitchell v. Jones,* 104 Colo. 62, 88 P.2d 557 (1939); *6A A. Corbin, Contracts* § 1449 (1962).

Plaintiffs, however, assert that the contract provision violates the policy of § 28–3–601 because it results in a loss of pay to teachers who participate in the reserves. They rely on two New Jersey cases. *Lynch v. Borough of Edgewater,* 14 N.J.Super. 329, 82 A.2d 446 (1951) and *Parks v. Union County Park Commission,* 7 N.J.Super. 5, 71 A.2d 651 (1950), interpreting a similar New Jersey statute to reflect a legislative policy favoring extra compensation for public employees while serving in the reserves. However, we find no legislative policy, express or implied, in § 28–3–601 to require extra compensation for teachers who are reservists. Hence, we conclude that these parties were free to enter into a contract limiting the compensation received by teachers in the district while on military leave.

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.

---

1. The trial court's ruling that the agreement's 10-day maximum leave provision did violate the 15-day maximum leave provision of the statute has not been appealed.